LOUIS H. YARRUT, Judge ad hoc.
Plaintiff obtained judgment in solido against all three defendants for damage to his automobile while it was parked on the street, at the curb, near 143 South Liberty Street, from which judgment only Brookman and the Bonding Company have appealed.
Plaintiff’s parked car was struck by a taxicab, operated by defendant Brookman, immediately after the taxicab’s intersec-tional collision with a private automobile owned and operated by defendant, Frank Mack. The Bonding Company was made-defendant as the public liability insurer of the taxicab. Defendant Mack, by third-party action, made Brookman and the Bonding Company third-party defendants, which the lower court dismissed. No appeal was taken from this dismissal.
The collision occurred at the intersection of South Liberty Street and Cleveland Avenue in New Orleans, on February S, 1956, at 1:45 A.M.
Frank Mack was driving his automobile on Cleveland Avenue in a westerly direction or towards the Lake. Brookman was driving his Liberty Bell taxicab on South Liberty going north or toward Canal Street.
It is needless to discuss the negligence of Mack, who practically ignored the “stop” sign at the intersection, which arrested traffic on Cleveland Avenue, since the lower court found him guilty of negligence, and he has not appealed.
*420 We are only concerned here with the negligence vel non of Brookman, the taxicab driver, because plaintiff was a third party not actually involved in the accident, whose automobile was properly parked parallel to the curb on South Liberty Street about 60 feet from the intersection. If Brookman was guilty of any negligence, however slight, that contributed to plaintiff’s damage, he and his insurer are liable.
Brookman said he was travelling about 20 miles an hour as he approached Cleveland Avenue when Mack’s automobile suddenly entered the intersection and struck him on the right side. Mack and his riding companion did not see the taxicab until it was upon them, and estimated its speed at 40 miles per hour from the force of the impact.
While the judge a quo did not give reasons for finding Brookman negligent, the record clearly discloses these facts:
(1) Brookman worked during the day at a manufacturing plant and drove a taxicab at night.
(2) The policeman who questioned him at the scene immediately after the accident testified Brookman smelled of liquor and appeared to have been drinking.
(3) After the collision with Mack’s automobile, Brookman hit plaintiff’s automobile, then swerved across the street, 30 feet, and struck another car, both 60 feet or more from the intersection.
If Brookman, as he testified, was only travelling 20 miles per hour when the collision took place, he failed to control his car and stop it within 60 feet, either because he was weary from his day’s work at the manufacturing plant, or his reflexes were dulled by intoxicants; otherwise he lost control because he was travelling 40 miles or more in a 25-mile zone.
Since the damage to plaintiff’s automobile was due to the joint and concurring negligence of Brookman’s taxicab and Mack’s automobile, the judgment appealed from is correct and must be affirmed.
Affirmed.
JANVIER, J., absent